IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-245-SMY |
| | ) |
| LEAH SIKA, CIARA SMITH, | ) |
| ROSE OVERBECK, JUILE STROGH, | ) |
| COREY SMITH, JENNIFER CLAYTON, | ) |
| COREY JOHNSON, | ) |
| ANDREA JOHNSTON, JESSICA FRANZ, | ) |
| KRISTOPHER FRANS, DEPARTMENT | ) |
| OF CHILDREN AND FAMILY | ) |
| SERVICES, O'FALLON POLICE | ) |
| DEPARTMENT, OFFICER JOHNSON, | ) |
| ST. LOUIS CHILDRENS HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jennifer Anderson filed this lawsuit against numerous Defendants asserting, as best as the Court can discern from the Complaint and supplemental filings, that she has been unlawfully prohibited from contacting her children or their foster family. Anderson moves for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) and for the appointment of counsel (Doc. 4).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Anderson has demonstrated her indigence in this case. In her motion and accompanying affidavit, she states that she is currently unemployed and has no income and no savings. Anderson's mother is currently helping to support her. As such, the Court finds that Anderson is unable to pay the costs of commencing her lawsuit.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). While *pro se* plaintiffs' allegations are given lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's complaint was too verbose and convoluted to justify allowing it to proceed beyond

screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).

Anderson alleges that she was not properly notified of her state court date by the Department of Family Services and that the judge denied her a public defender. She further alleges that during the temporary order of protection case, the foster parents lied and were allowed to pull screenshots of Anderson's Facebook page. Finally, she alleges that she has been discriminated against based on her mental health disabilities by Mrs. Sika and her case management team.[1]

A careful review of Anderson's Complaint fails to reveal a claim for which relief may be granted by a federal court. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Moreover, Rule 8(a)(2) warrants dismissal because the requirement that the statement of a claim be "plain" necessitates that it be intelligible. *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011). From what the Court can discern, Anderson's allegations arise from decisions made in Illinois state court regarding the custody of her children. Anderson does not articulate how each Defendants were involved in the underlying action or why she has named them in her lawsuit. Her allegations have no basis in fact or law, rendering the Complaint legally frivolous. Thus, dismissal is appropriate.

Additionally, it is well-established under the principles of abstention and what is commonly referred to as the *Rooker-Feldman* doctrine that federal courts do not have jurisdiction to meddle in certain state court decisions. Under the *Rooker-Feldman* doctrine, a

---

[1] Attached as a supplement to Anderson's Complaint are 208 pages of documents including screenshots of text messages, DCFS caregiver plans, and state court pleadings and related material (Doc. 7). Anderson made notations in the supplements where she believes the state court erred or she was aggrieved by various individuals.

federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.'" *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). Anderson's allegations are all sourced to state court actions. Therefore, this Court lacks jurisdiction to entertain her claims.

Based on the foregoing, Anderson fails to present any factually or legally meritorious grounds for her lawsuit to proceed before this Court. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** and her motion to proceed *in forma pauperis* and motion for recruitment of counsel are **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 25, 2025**

**STACI M. YANDLE**
**United States District Judge**