IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER ANDERSON,           ) <br> ) <br> Plaintiff,           ) <br> ) <br> vs.           ) <br> ) <br> LEAH SIKA, CIARA SMITH, ) <br> ROSE OVERBECK, JUILE STROGH, ) <br> COREY SMITH, JENNIFER CLAYTON, ) <br> COREY JOHNSON, ) <br> ANDREA JOHNSTON, JESSICA ) <br> FRANZ, KRISTOPHER FRANS, ) <br> DEPARTMENT OF CHILDREN AND ) <br> FAMILY SERVICES, O'FALLON ) <br> POLICE DEPARTMENT, OFFICER ) <br> JOHNSON, ST. LOUIS CHILDRENS ) <br> HOSPITAL, ) <br> ) <br> Defendants.           ) | Case No. 25-cv-245-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jennifer Anderson filed this lawsuit against numerous Defendants claiming she has been unlawfully prohibited from contacting her children or their foster family by the Madison County Circuit Court. This Court dismissed the Complaint with prejudice on abstention grounds (Doc. 9) and entered judgment (Doc. 10).

Anderson's motions for relief from judgment (Docs. 11, 12, and 14), motion for emergency motion for temporary restraining order (Doc. 15), motion to appoint counsel (Doc. 16), and motion to compel production of court transcripts (Doc. 17) are now before the Court for consideration. In sum, Anderson moves for relief from the judgment entered in state court terminating her parental rights to her children, seeks injunctive relief to stop adoption proceedings, and requests the appointment of counsel.

Under the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction to conduct direct review of state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Thus, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment— an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.'" *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996).

Here, Anderson again requests that this Court review and overturn the state court's decision to terminate her parental rights. Her allegations are all sourced to state court actions, and reversing state court judgments is exactly what the *Rooker-Feldman* doctrine prohibits. Her remedy is to appeal to the Illinois Appellate Court. Accordingly, Anderson's motions (Docs. 11, 12, 14, 15, 16, and 17) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 24, 2025**

**STACI M. YANDLE**
**United States District Judge**